J-S25030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE BARTLETT | : | No. 2750 EDA 2022 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered September 29, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0000655-2018

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 30, 2023**

Wayne Bartlett (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

Appellant and Jennifer Frey (the victim) had been in an abusive relationship that was ending in October 2017.  N.T. (Trial), 1/18/19, at 12-13, 32.  At that time, the victim believed Appellant had stolen her house keys.  *Id.* at 13.  The victim testified she "went to the police station [and] created a police report about [it]."  *Id.*

On December 22, 2017, at approximately 9:00 p.m., the victim returned to her house and saw the lights on.  *Id.* at 13-15.  When the victim went upstairs, she found Appellant in her bedroom.  *Id.* at 16.  The room was in

disarray, and much of the victim's personal property had been destroyed. *Id.* Appellant began shouting at the victim. *Id.* When the victim asked Appellant to leave, he began choking her and hit her with a curtain rod. *Id.* The victim tried to escape, but Appellant pulled a gun from his pocket and pointed it at her head. *Id.* at 18-22. The victim testified, "I was screaming and I think that, at that point, he had left and walked downstairs." *Id.* at 22. The victim called police, who located Appellant nearby and arrested him. *Id.* at 49-51. Police did not recover a gun, but found the victim's keys on Appellant's key ring. *Id.* at 51-53. As a result of the December 22, 2017 incident, the Commonwealth charged Appellant with burglary, terroristic threats, simple assault, criminal mischief, robbery, carrying a firearm without a license, carrying a firearm in Philadelphia, receiving stolen property, and reckless endangerment.[1]

Appellant appeared for a non-jury trial on January 18, 2019.[2] Appellant maintained that he was living with the victim at the time of the December 22, 2017 incident. *Id.* at 61-63. However, Appellant admitted he had not been staying at the victim's home in the days prior to the incident; he stated that he had been staying with his "other girlfriend," who he later identified as

---

[1] 18 Pa.C.S.A. §§ 3502, 2706, 2701, 3304, 3701, 6106, 6108, 3925, and 2705.

[2] The Honorable Mia Roberts Perez presided at trial and the PCRA proceedings.

Monique Parker (Parker). *Id.* Appellant claimed the victim initiated the incident by screaming at him for cheating and physically attacking him. *Id.*

The trial court convicted Appellant of burglary, terroristic threats, simple assault, and criminal mischief, and acquitted Appellant of the remaining charges. On April 1, 2019, the trial court sentenced Appellant to an aggregate 3 – 6 years in prison, followed by two years of probation. Appellant did not file post-sentence motions or a direct appeal.

On May 1, 2019, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. On July 12, 2022 and September 29, 2022, the PCRA court held evidentiary hearings at which Parker and Attorney Paul DiMaio (trial counsel) testified.

Parker stated that Appellant had taken her to the victim's home "a couple weeks or a month" before the December 22, 2017 incident. N.T., 7/12/22, at 16. Parker believed Appellant lived at the home because he had a key, fed the pets, and his belongings were there. *Id.* 7, 10, 16. On cross-examination, Parker initially stated Appellant "took the key" to the victim's home, but then stated Appellant "had a key" to the home. *Id.* at 16. Parker acknowledged she never saw "any type of document that had [Appellant's] name … indicating that he owned or was renting [at] that address[.]" *Id.* at 17.

Trial counsel testified he was aware of Parker, but Parker declined to appear at trial because of "bad blood" between her and the victim. N.T.,

9/29/22, at 11. Trial counsel stated there was another witness who knew about Appellant's living situation and was supposed to testify at trial, but that witness "didn't show." *Id.* at 10. Trial counsel testified that he was in communication with Parker the morning of trial. *Id.* at 8, 17. Parker asked him to request a continuance so she and Appellant could locate the missing witness. *Id.* at 10-12. Counsel explained that Parker would have been a poor witness because 1) "she was [Appellant's] current girlfriend, and there was some bias there"; 2) "she couldn't say without a doubt at the time of the incident that [Appellant] was or wasn't living" at the home; and 3) "there was a bit of bad blood there." *Id.* at 10-11. Counsel noted Appellant had been staying with Parker in the days prior to the incident, and repeated that Parker "couldn't say that [Appellant] was definitely living [at the victim's home], [or] that [the victim] allowed him to still be there." *Id.* at 13.

On September 29, 2022, the PCRA court issued an order dismissing Appellant's PCRA petition. Appellant timely appealed.[3]

Appellant presents the following question for review:

Did the PCRA court err and/or abuse its discretion when it denied and dismissed [Appellant's] petition under the PCRA seeking a

_____

[3] Appellant filed a concise statement pursuant to Pa.R.A.P. 1925(b). Judge Perez subsequently advised this Court that she had resigned from the Philadelphia Court of Common Pleas due to her confirmation to the Federal District Court for the Eastern District of Pennsylvania. Letter, 12/15/22. Judge Perez stated she "was unable to finish a formal written opinion," but "direct[ed] the Superior Court to … pages 33-35 of the [September 29, 2022 hearing] transcript[.]" *Id.*

new trial based upon a claim that trial counsel was ineffective for failing to present a defense witness at trial?

Appellant's Brief at 4.

Preliminarily, we recognize that to be eligible for PCRA relief,

a petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa.C.S. § 9543(a)(2) (delineating the eligibility requirements of the PCRA). A petitioner also must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. *Id.* [] § 9543(a)(3).

\*\*\*

... It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 596 Pa. 119, 941 A.2d 655, 664 (2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 595 Pa. 188, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the [ineffective assistance of counsel] elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Cooper*, 941 A.2d at 664.

When [an appellate c]ourt reviews an order dismissing or denying a PCRA petition, its standard of review is whether the findings of the PCRA court are supported by the record and are free from legal error. "The PCRA court's credibility determinations, when supported by the record, are binding on this Court[.]" *Commonwealth v. Mason*, 634 Pa. 359, 130 A.3d 601, 617 (2015) (quoting *Commonwealth v. Roney*, 622 Pa. 1, 79 A.3d 595, 603 (2013)). "Appellant has the burden to persuade this Court that the PCRA court erred and that such error requires

relief." ***Commonwealth v. Wholaver***, 644 Pa. 386, 177 A.3d 136, 144-45 (2018).

***Commonwealth v. Reid***, 259 A.3d 395, 405-06 (Pa. 2021).

Appellant claims trial counsel was ineffective for failing to call Parker to testify at trial as a defense witness. Appellant's Brief at 28-43. According to Appellant, Parker would have testified that he resided with the victim at the time of the incident. ***Id.*** at 28-29. Appellant asserts that this testimony would have supported his defense that he was licensed or privileged to enter the victim's home. ***See*** 18 Pa.C.S.A. § 3502(b)(3); Appellant's Brief at 33. Appellant maintains Parker's testimony would have resulted in his acquittal of the burglary charge. ***Id.***

To prove trial counsel was ineffective for failing to call a witness, a petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Brown***, 196 A.3d 130, 167 (Pa. 2018).

The record does not support Appellant's claim. Appellant demonstrated Parker existed, was available to testify, and trial counsel knew of her. N.T., 7/12/22, at 11-13; N.T., 9/29/22, at 7-8. However, Appellant did not show Parker was willing to testify or that her absence "was so prejudicial as to have denied" Appellant a fair trial. ***Brown***, ***supra***.

At the conclusion of evidence at the PCRA hearing, the PCRA court observed that it had

> listened to both … Ms. Parker's testimony … as well as [trial counsel's] testimony …. [The PCRA court] was the original finder of fact [and presided at Appellant's non-jury] trial where both [Appellant and the victim], as well as Police Officer Anthony … Sherman, who was assigned to the 14th District at the time, testified.
>
> There are many consistencies, quite frankly, between what Ms. Parker stated she had said to [trial counsel], [and] what [trial counsel] was aware of ….
>
> **[The PCRA court finds] that [trial counsel] was credible** in indicating there was this other individual that his client had stated would be a witness to verify that he was living at the house. … There was testimony [at trial] from [Appellant] actually that he had brought another woman to this home on multiple occasions which coincides again with Ms. Parker's testimony.
>
> That being said, I recall [Appellant] even during his own testimony indicated that he had not been at that home for some time. Ms. Parker's testimony indicated while she may have had some knowledge that he may have at some point had access to the home, there was nothing about her testimony that could be indicative of the fact that on the day in question he was, in fact, living there or had a right to be in the property.
>
> While I believe that the underlying claim … has some arguable merit, I do believe **Counsel had a reasonable basis for not calling Ms. Parker as a witness**. Additionally, it does not sound as though, based on either Ms. Parker's nor [*sic*] [trial counsel's] testimony, particularly the fact that she had dropped [Appellant] off and did not even come upstairs to the courtroom, indicated her [un]willingness to testify. And, in fact, [trial counsel] indicated that Ms. Parker was a reluctant witness at best, and he did have the strategy based on bias as why to not call her as a witness.
>
> Finally, … **[the PCRA court does not] believe that there is any reasonable probability of a different outcome based on [] review of the trial testimony, in particular … [the**

**court's] impressions of the witnesses here, that the testimony of Ms. Parker would have changed the verdict with regards to the burglary charge.**

N.T., 9/29/22, at 33-35 (emphasis added).

The above reasoning is consistent with the record and law. *See Mason*, 130 A.3d at 601 (recognizing the PCRA court's credibility determinations, if supported by the record, are binding on this Court); *Commonwealth v. Martin*, 5 A.3d 177, 197 (Pa. 2010) (stating that factual findings of the PCRA court, "which hears evidence and passes on credibility of witnesses, should be given great deference"). Accordingly, we discern no error or abuse of discretion in the PCRA court's dismissal of Appellant's first PCRA petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/30/2023*